## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:07CR00021 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ADRIAN EDWARDS**, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Adrian Edwards, Pro Se Defendant.*

The defendant has filed a pro se "Motion Under 21 [sic] U.S.C. § 3582(c) Reduction of Sentence," in which he seeks to reduce his sentence because of a later amendment to the U.S. Sentencing Guidelines. The motion will be denied.

The defendant was sentenced by this court on October 5, 2007, to 70 months imprisonment. He asserts that he is entitled to a sentence reduction because thereafter the Sentencing Commission adopted an amendment to the Sentencing Guidelines, removing the so-called "recency" provision, which increased his criminal history by two history points. *See* U.S. Sentencing Guideline Manual ("USSG") app. C, amend. 742 (Nov. 1, 2010). According to the defendant, if this amendment were applied to him, he would be eligible for a reduction in sentence pursuant to 18 U.S.C.A. § 3582(c)(2) (West 2000).

Only amendments listed in USSG § 1B1.10(c) (2010) may be the subject of a motion under 18 U.S.C.A. § 3582(c)(2). *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Rader*, No. 1:04CR00071, 2009 WL 3667075, at *1 (W.D. Va. Nov. 4, 2009), *aff'd*, 371 F. App'x 412 (4th Cir. 2010). Amendment 742 is not listed in § 1B1.10(c) and cannot be applied retroactively to Edwards' case.

For the foregoing reasons, it is **ORDERED** that the defendant's motion (ECF No. 38) is DENIED.

ENTER: January 19, 2011

/s/ JAMES P. JONES
United States District Judge